NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC.,**
*Appellant*

v.

**BLACKHAWK NETWORK, INC.,**
*Appellee*

---

2025-1632

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-01235.

---

**ON MOTION**

---

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Blackhawk Network, Inc. moves to dismiss this appeal for lack of standing. Interactive Communications International, Inc. (InComm) opposes. Blackhawk replies.

InComm filed a sur-reply. Blackhawk moves for leave to file a sur-sur-reply, which InComm opposes.

I.

Blackhawk owns U.S. Patent No. 9,865,135 (the '135 patent), which is directed to a system and method of providing pre-printed lottery tickets for random draw lotteries through the retailer's point of sale (POS) without the use of additional lottery hardware. InComm petitioned for *inter partes* review of claims 1–6 of the patent. The Patent Trial and Appeal Board issued a final written decision concluding that InComm had failed to show the claims were unpatentable. InComm then filed this appeal.

When InComm filed its opposition to Blackhawk's motion to dismiss, it submitted an affidavit from its General Counsel, Michael D. Gruenhut, to establish its standing to challenge the Board's decision on appeal. In that declaration, Mr. Gruenhut states that InComm and Blackhawk previously entered settlement discussions in which InComm requested but was not granted a covenant not to sue for infringing the '135 patent. He further indicates that, "[u]ntil approximately the end of March of 2025, InComm provided its customers with a system and method of selling pre-printed lottery ticket products for random draw lotteries through the retailer[']s POS without the use of additional lottery hardware, the same subject matter described and claimed in the [']135 Patent." ECF No. 10 at 123.

In its reply, Blackhawk promised not to sue under the patent "for sales of pre-printed lottery tickets that occurred before the end of March 2025 that had lottery numbers pre-printed on them prior to the time of purchase." ECF No. 11 at 9. The court then directed InComm to file a sur-reply addressing Blackhawk's covenant. ECF No. 12. In that filing, InComm continued to oppose dismissal, arguing that the sales addressed in the declaration "include[d] pre-printed lottery tickets that did not have lottery numbers preprinted on them prior to the time of purchase." ECF No.

13-1 at 5. No specific product was identified. Blackhawk subsequently requested by email InComm "provide a sample of said lottery ticket and proof of its sale." ECF No. 14 at 24. InComm responded that it "acted as a transaction processor in the 2022-2024 timeframe for a lottery game product referred to as 'Scratch & Scan' . . . where lottery numbers were not preprinted on the lottery ticket." *Id.* In its sur-sur-reply,[1] Blackhawk states that "[t]o remove any conceivable doubt, Blackhawk further covenants that it will not sue InComm, under the '135 Patent, for sales of the 'Scratch & Scan' product from 2022 to 2024." *Id.* at 16.

## II.

To establish Article III standing, an appellant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171–72 (Fed. Cir. 2017). An injury in fact is "a legally protected interest which is (a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). An injury is concrete if it is "real" rather than "abstract," *Spokeo,* 578 U.S. at 340, and particularized if it "affect[s] the plaintiff in a personal and individual way," *Lujan*, 504 U.S. at 560 n.1. This "personal interest . . . must continue through [the case's] existence," otherwise the case will be dismissed as moot. *Momenta Pharms., Inc. v. Bristol-Myers Squib Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019) (cleaned up).

---

[1] Because this filing responds to new arguments raised in a court-directed filing and InComm had the opportunity to respond to the filing, we will consider it.

InComm argues that it is injured by the Board's decision rejecting its invalidity challenges because it is subject to potential infringement liability. But the broad allegations in Mr. Gruenhut's declaration are insufficient to establish such harm, and, in any event, Blackhawk's covenants not to sue encompass all past potential infringing activity identified by InComm. Blackhawk promised not to sue for sales of pre-printed lottery tickets that occurred before the end of March 2025 that had lottery numbers preprinted on them prior to the time of purchase as well as sales of the Scratch & Scan product from 2022 to 2024—the only product identified by InComm not covered under the initial covenant because it did not have numbers preprinted on them prior to purchase.

InComm could have attempted to "establish that it has concrete plans for future activity that creates a substantial risk of future infringement or likely cause the patentee to assert a claim of infringement." *JTEKT Corp. v. GKN Auto. LTD.*, 898 F.3d 1217, 1221 (Fed. Cir. 2018). But despite having multiple opportunities, InComm has failed to come forward with such activity. In fact, InComm's response in opposition to dismissal makes clear that it "no longer sold [pre-printed lottery ticket products] as of approximately the end of March 2025" and makes no suggestion of any plans to do so in the future. ECF No. 10 at 15. Under such circumstances, InComm has not shown standing based on potential infringement activity.

InComm's remaining contentions in support of its standing are even less persuasive. It claims a concrete and particularized injury because it "faces a continuing legal threat from Blackhawk" based on allegations that InComm "stole Blackhawk's intellectual property that is the subject matter of the [']135 Patent." ECF No. 10 at 4. InComm relies on the fact that Blackhawk previously filed a civil action seeking correction of inventorship and ownership of two patents assigned to one of InComm's affiliates, e2Interactive, Inc., that was dismissed for lack of jurisdiction in

INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC. v. BLACKHAWK NETWORK, INC.     5

2022 without prejudice to refiling. But it is undisputed that InComm does not own those patents, and InComm provides no other basis to conclude that it faces an injury-in-fact by the possible threat of refiling such a suit.

Finally, InComm alleges injury based on alleged collateral and statutory estoppel effects resulting from the Board's decision, asserting that certain determinations "could impact InComm's ability to challenge any patent in the family." ECF No. 10 at 17. But we have repeatedly rejected invocation of the estoppel provision or potential for collateral consequences of a decision as a sufficient basis, on its own, to confer standing. *See, e.g., Best Med. Int'l, Inc. v. Elekta Inc.*, 46 F.4th 1346, 1353 (Fed. Cir. 2022) (rejecting collateral estoppel argument); *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 1362–63 (Fed. Cir. 2019) (statutory estoppel). We, likewise, do so here.

Accordingly,

IT IS ORDERED THAT:

(1) Blackhawk's motion to file the sur-sur-reply included with ECF No. 14 is granted.

(2) Blackhawk's motion to dismiss is granted, and the appeal is dismissed.

(3) Each side shall bear its own costs.

FOR THE COURT

September 26, 2025
Date

Jarrett B. Perlow
Clerk of Court